The opinion of the Court was delivered by
Todd, J.
The plaintiff sued the defendant on a contract of lease to recover the rents of several plantations for the years 1880, 1881 and 1882, amounting to $18,000, alleging that by the terms of said contract *513 the rents for the years named were due, because of the failure of the defendant to pay the rent for the year 1880.
The suit was filed on the 13th December, 1880, and was accompanied by a writ of provisional seizure, under which the crops then on the plantations, gathered and ungatliered, working animals, contents of a store, etc., were seized.
The defendant answered, alleging in substance, that the proceeding was instituted by the plaintiff, in violation of a special agreement, by which he had bound himself, in consideration of a payment of $6,000, to be made through his merchants and factors, H. & C. Newman, on a note of previous date to the rent obligations sued on, not to proceed to collect the rent for 1880, until his said factors had been reimbursed for all advances made to him for said year. That the sum named had been paid in March, 1880, and that he was, therefore, required to ship his crops to said firm until their advances had been paid, which had not been done, and that any payment on the rent notes had been deferred until the reimbursement to his factors had been accomplished.
H. & C. Newman intervened in the suit, and in their petition set up substantially the same facts, and both the defendant and iutervenors claimed damages against the plaintiff for a violation of the agreement, and the injury resulting therefrom, in the waste of the crops ungathered, from the suspension of work, the closing of the store, etc.
There was judgment in favor of the defendant and intervenors, rejecting his demand and condemning plaintiff to pay each of said parties one thousand dollars damages, and plaintiff, or his executors, who became parties to the suit after his death, occurring during the pendency of the proceedings in the lower court, have appealed.
Before addressing ourselves to the merits of the case, there are several preliminary matters to be considered and disposed of.
The plaintiff’s counsel moved to strike out of the intervenors’ petition the claim for damages, on the ground that plaintiff and intervenors resided in the same parish (Orleans) when the petition and intervention were filed, and since the institution of the suit, plaintiff had died and his succession was opened in said parish of his domicil, and the demand for damages should have been instituted there.
This motion, or exception, was not made until after answer filed and issue joined, and, consequently, came too late.
A similar motion or exception was filed respecting the damages claimed by defendant, on the ground that no such claim in reconvention could be urged against a demand founded on a contract of lease.
This was also properly overruled, as the plaintiff and defendant resided in different parishes, and a reconventional demand is not required to be equally liquidated with the one to which it is opposed.
*514 The plaintiff filed a motion asking for an order requiring the intervenors to produce a.n itemized account of the indebtedness claimed against the defendant, together with the vouchers, etc., and.subsequently they prayed for the appointment of a commissioner in New Orleans, to whom the commercial books of the intervenors should be produced, and in his presence examined by witnesses, and sworn copies of their accounts made therefrom by a certain witness named, and other witnesses not named.
Both orders were made, and the commissioner appointed. It appears from the return of such commissioner, that on the day appointed for the delivery and examination of the books, that Judge E. D. White, one of the attorneys for the intervenors, “ appeared at the office of the commissioner named, before the hour fixed for said examination, and informed him that the papers called for had been previously delivered by the intervenors under a subpama duces tecum from the Court; that the intervenors knew no law which required the delivery of their books to the notary or commissioner, but they would afford evoi’y facility to him, the notary or any authorized person, to examine at convenient times said books and papers, and take abstracts from, and make copies of sucji portions thereof as may be required. ”
Copies of the accounts and papers in question were subsequently delivered into the Court before which the cause was pending, and about the same time plaintiff moved to have the facts set forth in the motion to produce taken pro confesses. This motion was overruled by the Judge a quo, for the reasons stated by him, that the documents called for “had been produced, and before the day of trial, which was in time.”
The ruling was correct, the order appointing a commissioner to whom tlie intervenors were to deliver their books and papers to be examined by witnesses summoned by such commissioner, is not authorized by any law that we are aware of. There is certainly no warrant for it in our Code. The Article under which it is claimed this proceeding was taken, and which is the governing Article on the subject, is 140 C. E. This Article authorizes the Court, at the request of one of the parties, to order the other parties to bring into Court, books, papers and other documents, material in the cause, provided the party asking for their production make oath to the facts he intends to.establish by them ; and on the failure of the party so ordered to comply, the facts sworn to, are to be taken as confessed, unless it was shown that it was impossible to produce them.
It has been held in several adjudications upon this Article, that when the party against whom the order is directed, lives out of the parish where the Court is being held, that he cannot be compelled to *515 bring liis books from his domicil or place of business to the place where the litigation is pending. And it is well settled in such cases, that-sworn copies of the papers desired will suffice. 2 A. 158 j 4 A. 534; 3 8 A. 300.
It is true it is stated in one of the cases referred to, that where the mover is unwilling to rely on the conscience of his adversary, the Court might issue a commission under which witnesses might examine the books and make copies from them. It would require a very liberal construction of the language of that decision to justify an order requiring a commercial house in the City of New Orleans to take their books from their office and deliver them to a person designated to receive them, and leave them for an indefinite time to be examined by witnesses whom the Judge might name, or the person commissioned might summon at the instance of the mover.
In the case referred to, no such order has been made, and no such order was before the Court, and the statement was, therefore, clearly an obiter. And in the present case there is no averment in the motion ■that there was cause to distrust the correctness of copies made out by the intervenors. We cannot, in this case at least-, sanction any proceeding or remedy relating to the point in question, beyond the provisions of the Code, which we think are adequate for the purpose intended to be accomplished.
It is urged by the plaintiff that judgment was improperly rendered on the intervention, and that it should have been dismissed, because no default was taken against the defendant by the intervenors, nor issue joined between them. It is true that plaintiff alone answered the intervention. It is, however, to be noted, that the main issue in the case is jointly raised against the plaintiff by the defendant in his answer, and the intervenors in their petition. The intervenors really join the defendant in his defense against plaintiff’s action, and that is mainly touching his right to proceed against the defendant and resort to the provisional seizure on account of the agreement set up in the several pleadings.
It is true that the intervenors ask a judgment against the defendant for the indebtedness claimed, but a judgment against the defendant for the debt was not essential to their right of action asserted against the plaintiff, growing out of the alleged violation of the agreement in question, so that they made proof of the existence of the debt.
Besides, there seems to be no controversy between the intervenors' and defendant respecting the debt, nor in any other regard. Therefore, it was not necessary to the regularity and validity of the intervention as relates to its prosecution against the plaintiff, that an issue by *516 default or by answer should have been made between the intervenors and defendant. Gerson vs. Jamar, 30 A. 1297.
The authorities cited by the plaintiff’s counsel have been examined, . but are not in point.